UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| ALANN STEEN, *et al.*,<br><br>    Plaintiffs,<br><br>    v.<br><br>ISLAMIC REPUBLIC OF IRAN, *et al.*,<br><br>    Defendants. | Civil Action No. 00-3037 (CKK) |

MEMORANDUM OPINION
(April 21, 2008)

On March 26, 2008, Plaintiffs filed a [41] Motion for Relief from Judgment requesting "the Court [to] modify its July 31, 2003 judgment order in this action to include an award of punitive damages against the Islamic Republic of Iran and the Iranian Revolutionary Guard Corps." Plaintiffs' Motion is premised upon Section 1083 of the National Defense Authorization Act for Fiscal Year 2008 (the "2008 Defense Authorization Act"), Pub. L. No. 110-181, 122 Stat. 3, which amended the Foreign Sovereign Immunities Act ("FSIA") by adding a new section, § 1605A, in Title 28 of the United States Code. The 2008 Defense Authorization Act was signed by President George W. Bush and enacted into law on January 28, 2008. As amended, 28 U.S.C. § 1605A, *inter alia*, creates a private, federal cause of action against a foreign state that is or was a state sponsor of terrorism, and provides that damages against the foreign state and its agents may include economic damages, solatium, pain and suffering, and punitive damages. 28 U.S.C. § 1605A(c).

Section 1083(c) of the 2008 Defense Authorization Act is entitled "Application to Pending Cases" and provides that, upon motion by the plaintiffs, the amendments to the FSIA

shall be given effect with respect to any action that (1) was brought under 28 U.S.C. § 1605(a)(7) before January 28, 2008; (2) relied upon 28 U.S.C. § 1605(a)(7) as creating a cause of action; (3) has been adversely affected on the grounds that 28 U.S.C. § 1605(a)(7) fails to create a cause of action against the foreign state; and (4) "as of [the] date of enactment [*i.e.*, January 28, 2008], is before the courts in any form, including on appeal or motion under rule 60(b) of the Federal Rules of Civil Procedure[.]" Pub. L. No. 110-81, Div. A., Title X, § 1083(c); 28 U.S.C. § 1605A Note. Section 1083(c) thus provides that Section 1605A only applies to cases brought prior to January 28, 2008 if they meet the four requirements set forth above.

Plaintiffs' Motion glosses over the fourth requirement of Section 1083(c). *See* Pls.' Mot. at 3. Nevertheless, a review of that section's plain text reveals that the instant case falls outside of the category of pending cases as to which the FSIA amendments apply. The Court's July 31, 2003 Order entered a Final Judgment in this case. *See* Docket No. [16]. That Final Judgment was not appealed, and no motions or other matters were pending before the Court as of January 28, 2008, the date on which the National Defense Authorization Act for Fiscal Year 2008 was enacted. The Court therefore concludes that this case is outside the category of prior actions covered by Section 1083(c) because it was not "before the courts in any form" as of January 28, 2008.

Accordingly, the Court shall deny Plaintiffs' [41] Motion for Relief from Judgment. An appropriate Order accompanies this Memorandum Opinion.

Date: April 21, 2008

                                                /s/
                                        COLLEEN KOLLAR-KOTELLY
                                        United States District Judge